**New Freedom Borough v. Lafferty**

*Harry L. McNeal, Jr.,* for plaintiff.
*Harry C. Elsesser, Jr.,* for defendant.

SHADLE, J., September 21, 1972.—This case involves the issue of whether discovery by way of interrogatories is available in a proceeding to enforce a municipal lien for street improvements against abutting owners.

Plaintiff filed its lien for municipal street improvements against property owned by defendants. We are told that a writ of scire facias was issued thereon, and that defendants thereafter filed certain interrogatories to be answered by plaintiff, although neither such writ nor interrogatories appear in the record before us. We

assume from the briefs of both parties that some of the interrogatories inquire of plaintiff as to the ordinance or other municipal action taken by it to authorize the undertaking of the improvements. Plaintiff filed objections to all the interrogatories, and the matter was argued before us.

Plaintiff first contends that the discovery proceedings authorized by Pennsylvania Rules of Civil Procedure 4002, et seq., are not at all applicable to municipal lien proceedings. Thus, it is urged that the instant action is not one of the traditional "actions at law" such as assumpsit, trespass, etc., to which the Rules of Civil Procedure specifically address themselves, that it is a special action authorized by specific legislation which makes no provision for discovery, that the time limitations for answers to interrogatories and for an affidavit of defense to a scire facias sur municipal lien are inconsistent, and that the information sought is a matter of public record not requiring discovery.

We are unable to agree with these contentions. Pennsylvania Rule of Civil Procedure 4001 makes the discovery rules applicable to "any civil action or proceeding at law or in equity." We cannot perceive why a procedure to file, enforce and collect a municipal lien against an abutting property is not a "civil action or proceeding" as much as one to recover damages on a contract or tort claim. That such action is not specifically stated by the rules, or even by the statutory enactment authorizing it, as one in which discovery may be used, is not persuasive to us.

We are aware that some special statutory procedures do make specific provision for discovery, which the legislature in this instance could have done but did not, and of the opinion in Washington Mall Tax Assessment Appeal, 50 Wash. Co. 109 (1969), which

follows plaintiff's view. It is noteworthy, however, that limited discovery by interrogatories was in fact allowed in the Washington case. Furthermore, discovery procedure under the rules has been held to be available in habeas corpus proceedings for child custody (a statutory remedy not prescribing discovery) in Commonwealth ex rel. Darrow v. Darrow, 10 Bucks 33 (1960), and in a proceeding to open a judgment (not governed by specific procedural rules) in Potter Bank & Trust Co. v. Henneforth, 72 York (Montg. Co.) 121 (1958).

In our opinion, the question of whether discovery should be available in proceedings not specifically enumerated should be determined by the criteria referred to in the Washington case, supra, and the cases therein cited. That is, whether discovery is appropriate, helpful, and will expedite and simplify, rather than complicate and delay, the disposition of causes. Since a contested action to enforce a municipal lien usually involves factual and legal issues which must be tried or resolved by a court or jury, we think discovery will be a help rather than a hindrance.

Similarly, we are not convinced that the fact that the time limit of 20 days to answer interrogatories exceeds the 15 days to answer a scire facias present an insurmountable problem. If the discovery is needed to prepare pleadings as well as in preparation for trial, a defendant undoubtedly would apply for and could obtain an extension of time for pleading if it is needed upon showing appropriate cause.

We are unaware of any legal rule foreclosing discovery of matter claimed to be a public record. While in some such cases discovery may be deemed unnecessary, this is not always true when the "public record" consists of books and documents of a small municipal-

ity usually zealously guarded by officials who sometimes formulate self-devised limitations on inspection. In any event, if the matter is publicly recorded among plaintiff's records, it will present no problem to plaintiff to answer the interrogatories concerning it.

Plaintiff's final argument is that some of the interrogatories inquire as to the municipal ordinance or resolution authorizing the improvements, and are therefore irrelevant and excluded from discovery by Pa. R.C.P. 4007(a). Plaintiff contends that no such formal action is required for the improvements here involved, while defendants contend to the contrary. Both sides cite a number of authorities tending to support their respective views.

We deem it unwise and unnecessary for us to reach this issue at this time on the limited record before us. Defendants undoubtedly will defend on the merits on the ground of absence of proper municipal action if they can, and if they do plaintiff will join issue. As and when a complete record necessary to resolve the question is before us, we can decide it after full argument on this significant point. In the meantime, plaintiff will be neither prejudiced nor inconvenienced in answering the contested interrogatories by a statement that no such formal municipal action exists, or consists of whatever action was taken. It also can later argue, if it wishes, that any insufficient municipal action was remedied by a validating act to which plaintiff refers.

## ORDER

And now, to wit, September 21, 1972, plaintiff's objections to defendants' interrogatories are overruled, with leave to answer them within 20 days from this date. An exception is noted for plaintiff.